**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**S. D.,** *et al.*,

       **Plaintiffs,**

  **v.**
                                  **Civil Action 2:26-cv-834**
                                  **Judge Edmund A. Sargus**
                                  **Magistrate Judge Kimberly A. Jolson**

**MARYSVILLE EXEMPTED VILLAGE**
**SCHOOL DISTRICT BOARD OF**
**EDUCATION,** *et al.*,

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonym.  (Doc. 4).  For the following reasons, the Motion is **GRANTED**.

### I.    BACKGROUND

Plaintiffs S.D. and T.D., as parents and legal guardians of John Doe, a disabled minor child, initiated the present action on July 13, 2026.  (Doc. 1).  In short, Plaintiffs allege that Defendants violated the Americans with Disabilities Act, the Rehabilitation Act, the Fifth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and state law when they failed to follow proper medical and safety protocols while John Doe was at school.  (*See generally id.*).  Plaintiffs bring the present Motion to proceed under pseudonyms during this litigation.  (Doc. 4).

### II.    STANDARD

Generally, a complaint must state the names of all the parties.  Fed. R. Civ. P. 10(a).  Yet a court "may excuse [parties] from identifying themselves in certain circumstances."  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  "In exercising its discretion, a court must balance the

public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

## III.    DISCUSSION

According to Plaintiffs, John Doe has a substantial privacy right which outweighs the presumption of disclosure of his name. (Doc. 4 at 4–6). By extension, his parents have a right to disclose only their initials. (*Id.*). The Court agrees.

The first *Porter* factor is satisfied because this lawsuit challenges governmental activity. In the Complaint, Plaintiffs brings claims against Marysville Exempted Village Local School District, as well as employees of the school in their official capacities. (*See* Doc. 1 at ¶¶ 8–17).

The application of the second factor—whether this litigation will disclose information of the utmost intimacy—also favors Plaintiffs' request. Here, Plaintiffs say that the claims they bring naturally will require Plaintiffs to reveal John Doe's medical history, including details about his mental health. (Doc. 4 at 5). Plaintiffs cite no cases to support this factor. Still, in the context of this case, the Court concludes that this constitutes information of the utmost intimacy. *Cf. J.W. v. D.C.*, 318 F.R.D. 196 (D.D.C. 2016) (allowing plaintiffs to proceed anonymously when disclosure would allow the public to easily uncover a minor's confidential educational record, mental health

2

records, and personally identifiable information).  This factor also weighs in favor of Plaintiffs' request.

The third factor is not relevant here.  But concerning the fourth factor, John Doe is a minor. (Doc. 4 at 5–6; Doc. 1 at 2).  Courts routinely allow minors and their parents to proceed anonymously or under a pseudonym to protect the minor's identity.  *See, e.g.*, *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct."); *Doe v. Southfield Pub. Sch.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity."); *see also* Fed. R. Civ. P. 5.2(a)(3).

Finally, allowing Plaintiffs to proceed under pseudonyms should not hinder Defendants' ability to litigate this case.  Plaintiffs state that Defendants know who they are.  (Doc. 4 at 6); *see also Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (allowing a minor to proceed anonymously, in part, because there was no question the parties knew her true identity)).

Given the weight of the factors, the balance of the litigants' interests in nondisclosure outweighs the public's right to access court proceedings.  However, if Defendants—who have not yet appeared in this action—wish for the Court to reconsider this ruling, they may file a response to the Motion within 21 days of filing a responsive pleading to the Complaint.

3

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Proceed Under Pseudonym (Doc. 4) is

**GRANTED**.


Date:   July 23, 2026                         /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE